# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| JOHN TOMES, | ) |
| Plaintiff, | ) ) ) |
| v. | )  Case No. 1:22-cv-01140-MHH-SGC |
| CHERON T. NASH, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## REPORT AND RECOMMENDATION

The plaintiff has filed a *pro se* complaint pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations of his rights under the Constitution or laws of the United States. (Doc. 1).[1]  As defendants, the complaint names Talladega Federal Correctional Institution ("FCI"), former Warden Cheron T. Nash, and Lela Hansen, a "health administrator" at Talladega FCI. (*Id.* at 2-3). The plaintiff seeks monetary relief. (*Id.* at 5). The complaint is before the undersigned magistrate judge for a preliminary report and recommendation. *See* 28 U.S.C. § 636(b)(1); *McCarthy v. Bronson*, 500 U.S. 136 (1991). For the reasons to follow, the undersigned concludes the plaintiff's official capacity claims, along with any claims against Talladega FCI, are due to be dismissed; the remaining claims

---

[1] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: Doc. __ at __.

against Warden Nash and Lela Hansen should proceed.

## I. Standard of Review

The Prison Litigation Reform Act requires this court to screen prisoners' complaints against government officers or employees. *See* 28 U.S.C. § 1915A. The court must dismiss these complaints, in whole or in part, if they are frivolous or malicious, seek monetary damages from a defendant immune from monetary relief, or do not state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b). The court has the discretion under § 1915A(a) to dismiss a prisoner's complaint *sua sponte* and prior to service.

Under § 1915A(b)(1) and § 1915(e)(2)(B)(i), a claim is "frivolous where it lacks an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). For example, a claim is frivolous as a matter of law if the defendants are immune from suit or the plaintiff is seeking to enforce a legal right that does not exist. *Id.* at 327.

The legal standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) also determines whether a complaint states a valid claim under 28 U.S.C. § 1915A(b)(1). *See Jones v. Bock*, 549 U.S. 199, 215 (2007). Therefore, in order to state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks

omitted). "Factual allegations must be enough to raise a right to relief above the speculative level" and a complaint should be a "'plain statement' possess[ing] enough heft to 'show that the pleader is entitled to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 & 557 (2007). On the other hand, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Similarly, the court should dismiss a claim when a successful affirmative defense, such as a statute of limitations, appears on the face of a complaint. *Jones*, 549 U.S. at 215.

A *pro se* pleading "is held to a less stringent standard than a pleading drafted by an attorney" and should be liberally construed, *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015), but still must include factual allegations that "raise a right to relief above the speculative level." *Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) (internal quotation marks omitted).

## II. Factual Allegations

Although the plaintiff has since been transferred to a federal prison in Kentucky, he states claims arising from his imprisonment at Talladega FCI. In general terms, his claims concern the denial of dental care for six months in 2020, resulting in prolonged, severe pain and, ultimately, loss of his lower right molar. (Doc. 1 at 4-5). More specifically, in April 2020, the plaintiff informed Dr. Holbrook, who provided healthcare at Talladega FCI, that he was experiencing

severe headaches and toothaches. (*Id.* at 12). Dr. Holbrook was concerned the pain could be early evidence of an aneurysm and ordered an MRI to rule out that possibility. (*Id.*). In the following months, the plaintiff repeatedly submitted written and verbal sick call requests to address his severe toothache and headaches. (*Id.*). Unnamed prison staff told the plaintiff there was no dentist on staff and instructed him to take ibuprofen for pain; the plaintiff was told he could see a dentist once the prison hired one. (*Id.*).

The plaintiff finally saw a dentist at the end of September or the beginning of October 2020. (Doc. 1 at 12). X-rays revealed the plaintiff's bottom, right wisdom tooth was impacted and formed an abscess, causing his molar to rot. (*Id.* at 13). The dentist informed the plaintiff the molar could not be saved, and it was removed shortly thereafter. (*Id.*). Based on these facts, the plaintiff asserts claims for deliberate indifference in violation of the Eighth Amendment. (*Id.* at 4, 13).

### III. Analysis

As an initial matter, FCI Talladega is not a proper party to this lawsuit. *See, e.g., Harmon v. Williams*, No. 18-083, 2021 WL 93226, at *3 (S.D. Ga. Jan. 17, 2020), *report and recommendation adopted*, 2020 WL 603946 (S.D. Ga. Feb. 7, 2020). Next, the plaintiff directs his claims at the defendants both in their individual and official capacities. (Doc. 1 at 12). However, *Bivens* only permits claims against government officials in their individual capacities. *Nails v. Coleman Low Fed. Inst.*,

307 F. App'x 296, 297-298 (11th Cir. 2009) (explaining *Bivens* claims are not actionable against federal agencies or federal employees sued in their official capacities). Accordingly, the plaintiff's official capacity claims are due to be dismissed, as are any claims against Talladega FCI.

As to the plaintiff's remaining claims, "deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain, proscribed by the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 104, (1976) (internal citation and quotations omitted). To state a claim for deliberate indifference, a plaintiff must show: "(1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009) (citing *Goebert v. Lee Cty.*, 510 F.3d 1312, 1326 (11th Cir.2007)). Here, the plaintiff's allegations are sufficient to state a claim for deliberate indifference. *Farrow v. West,* 320 F.3d 1235, 1243-44 (11th Cir. 2003) ("the need for dental care combined with the effects of not receiving it may give rise to a sufficiently serious medical need to show objectively a substantial risk of harm"); *Hobbs v. Powell*, 138 F. Supp. 3d 1328, 1341-42 (N.D. Ala. 2015) (allegations that defendants ignored plaintiff's repeated medical request forms complaining of toothache sufficient to state claim for deliberate indifference); *see Newsome v. Chatham Cty. Det. Ctr.*, 256

F. App'x 342, 346 (11th Cir. 2007); *Vieux v. Fed. Bur. of Prisons*, No. 12-017-MHH, 2014 WL 3733022, at *5 (N.D. Ala. July 21, 2014).

It must be noted that the plaintiff's claims assert something close to supervisory liability against Warden Nash and Lela Hansen. Purely vicarious liability is inapplicable to the types of claims asserted here. *E.g. Rosa v. Fla. Dep't of Corr.,* 522 F. App'x 710, 714 (11th Cir. 2013). Accordingly, a *Bivens* plaintiff must plead a governmental official's own actions—not those of their subordinates—violated the constitution. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Danglar v. Homan*, No. 19-789-CLM-JHE, 2021 WL 2483780, at *5 (N.D. Ala. May 14, 2021), *report and recommendation adopted*, 2021 WL 2477062 (N.D. Ala. June 17, 2021). The plaintiff's allegations here satisfy the applicable standard.

As another court sitting in this district has noted, "dental care is one of the most important medical needs of inmates." *Watts v. Flowers*, No. 10-3107-AKK, 2013 WL 3816549, at *2 (N.D. Ala. July 22, 2013) (alteration incorporated). The plaintiff contends he was denied dental care for six months, suffering pain as his molar rotted in his head—ultimately losing the tooth due to the delay. The plaintiff further alleges the only explanation he was given for the lack of care was that Talladega FCI did not have a dentist on staff and that his treatment would have to wait until a dentist was hired. The undersigned interprets the complaint as alleging Warden Nash and/or Lela Hansen were responsible for ensuring inmates at

Talladega FCI had access to a dentist.  The undersigned concludes these allegations are  sufficient to state claims against Warden Nash and Lela Hansen.  Accordingly, these claims should proceed.

## IV. Recommendation

For all the foregoing reasons, the undersigned **RECOMMENDS** the plaintiff's official capacity claims, together with any claims against Talladega FCI, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915A(b)(1) for failing to state a claim upon which relief can be granted.  The undersigned **FURTHER RECOMMENDS** the remaining claims against Warden Nash and Lela Hansen be referred back to the undersigned for further proceedings.

## V. Notice of Right to Object

The plaintiff may file specific written objections to this report and recommendation.  Any objections must be filed with the Clerk of Court within **14 days.**  The plaintiff must identify every objectionable finding of fact or recommendation and state the specific basis for every objection.  The plaintiff also must identify every claim in the complaint that the report and recommendation has not addressed.  Objections should not contain new allegations, present additional evidence, or repeat legal arguments.

A plaintiff who fails to object to factual or legal conclusions in the Magistrate Judge's report and recommendation waives the right to challenge on appeal those

7

same conclusions adopted in the District Judge's order. Without a proper objection, however, the court on appeal may review the unobjected-to factual and legal conclusions for plain error if necessary in the interests of justice. 11th Cir. R. 3-1.

After receiving the plaintiff's objections, a District Judge will conduct a *de novo* review of the relevant portions of the report and recommendation and may accept, reject, or modify in whole or in part the Magistrate Judge's findings of fact and recommendations. The District Judge also may refer this action back to the Magistrate Judge with instructions for further proceedings.

The plaintiff may not appeal the Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. The plaintiff may appeal only from a final judgment entered by a District Judge.

The Clerk of Court is **DIRECTED** to provide a copy of this report and recommendation to the plaintiff.

**DONE** this 8th day of November, 2022.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE