UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JOHN TOMES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:22-cv-01140-MHH-SGC |
| CHERON T. NASH, *et al.*, | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM OPINION

In this action, *pro se* plaintiff John Tomes asserts Eighth Amendment claims against the defendants under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). The magistrate judge entered a report in which she recommended that the Court grant the defendants' motion for judgment on the pleadings based on the Eleventh Circuit's decision in *Johnson v. Terry*, 119 F.4th 840, 851 (11th Cir. 2024). (Doc. 46). Mr. Tomes has objected to the report and recommendation. (Doc. 47). The United States has responded to Mr. Tomes's objections. (Doc. 48).

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district judge must "make a *de novo* determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3)

("The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objective to."). A district court's obligation to "'make a de novo *determination* of those portions of the report or specified proposed findings or recommendations to which objection is made,'" 447 U.S. at 673 (quoting 28 U.S.C. § 636(b)(1)), requires a district judge to "'give *fresh consideration* to those issues to which specific objection has been made by a party,'" 447 U.S. at 675 (quoting House Report No. 94-1609, p. 3 (1976)). *United States v. Raddatz*, 447 U.S. 667 (1980) (emphasis in *Raddatz*).

In his objections, Mr. Tomes takes issue with the Eleventh Circuit's ruling in *Johnson* and the magistrate judge's finding that, under *Johnson*, his claim presents a new *Bivens* context. (Doc. 47, pp. 2, 4). Mr. Tomes argues that *Johnson* is a "complete misinterpretation" of the Supreme Court's decision in *Egbert* and "effectively overrules" *Egbert* and *Carlson*. (Doc. 47, pp. 1-2) (citing *Egbert v. Boule*, 596 U.S. 482 (2022), and *Carlson v. Green*, 446 U.S. 14 (1980)). Mr. Tomes argues that under *Johnson*, to proceed with a *Bivens* claim, his claim must be a "factual clone" of *Bivens* or *Carlson*. (Doc. 47, p. 2). He adds that *Johnson* makes it "factual[ly] impossib[le] for someone to have a claim under *Carlson* today" because of the BOP grievance process. (Doc. 47, pp. 2-3).

The Court understands Mr. Tomes's disagreement with the *Johnson* decision, but the Court must apply *Johnson* in this case. As the magistrate judge stated, Mr.

Tomes "cannot state a plausible *Bivens* claim under the Eleventh Circuit's controlling opinion in *Johnson*." (Doc. 46, p. 10). Therefore, the Court overrules Mr. Tomes's objections.

Having reviewed the materials in the Court's electronic file, the Court adopts the magistrate judge's report and accepts her recommendation. The Court denies Mr. Tomes's motion to appoint counsel, (Doc. 41). By separate order, the Court will grant the defendants' motion for judgment on the pleadings and dismiss Mr. Tomes's remaining *Bivens* claim.

The Clerk of Court shall please term Docs. 41, 42, and 46.

**DONE** and **ORDERED** this March 27, 2025.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE